**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **GINA R. LIPARI-WILLIAMS, individually**<br>**and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.:  5:20-cv-6067** |
| **v.** | ) ) | |
| **THE MISSOURI GAMING COMPANY, LLC,**<br>**d/b/a ARGOSY RIVERSIDE CASINO**<br>**and**<br>**PENN NATIONAL GAMING, INC.,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Penn National Gaming, Inc. ("PNG") and the Missouri Gaming Company, LLC d/b/a Argosy Casino Hotel & Spa ("Argosy") (collectively, "Defendants") hereby remove to the United States District Court for the Western District of Missouri the action styled *Gina R. Lipari-Williams v. The Missouri Gaming Company, LLC, d/b/a Argosy Riverside Casino, et al.*, No. 20AE-CC00099, currently pending in the Circuit Court of Platte County, Missouri (the "State Court Action"). Defendants remove this case on the grounds of diversity jurisdiction because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiff Gina Lipari-Williams ("Plaintiff") and Defendants. In support of removal, Defendants state as follows:

## I.   INTRODUCTION

1.     On March 31, 2020, Plaintiff commenced this putative class action by filing the Petition in the Circuit Court of Platte County, Missouri, asserting claims under the Missouri Minimum Wage Law ("MMWL"), breach of contract and unjust enrichment/quantum meruit on behalf of herself and others allegedly similarly situated against Defendants. Ex. A, Petition.

Plaintiff claims Defendants improperly deducted the cost of a gaming license from certain employees' paychecks. *See generally id.*

2.      On April 2, 2020, Defendants were each served with the Petition.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached as Exhibit A.

3.      All Defendants consent to and join this removal.

4.      This Notice of Removal is filed within thirty (30) days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

5.      By removing this action, Defendants do not waive any defenses or objections they may have, including, but not limited to, sufficiency of process, service of process, and person jurisdiction.

## II.    VENUE

6.      Venue is proper in this Court because this case was originally filed in Platte County, Missouri, which lies within this district. *See* 28 U.S.C. §§ 105(b)(1), 1446(a); L.R. 3.2(a)(1)(B).

## III.   JURISDICTION

7.      Pursuant to 28 U.S.C. § 1332(a), this is a civil action over which this Court has original jurisdiction and therefore may be properly removed to this Court because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of cost and interests.

### A.    There Is Complete Diversity Between the Plaintiff and Defendants.

8.      For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §

1332(a)(1). In the class action context, courts look only to the citizenship of the named parties. *Esler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D. Mo. 1979) ("Only the citizenship of the named parties is relevant to the determination of jurisdiction. If 'one member of a class is of diverse citizenship from the class' opponents, and no nondiverse members are named parties, the suit may be brought in federal court . . .'" (citation omitted)).

9. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

10. Plaintiff is a citizen of the state of Missouri. *See* Ex. A, Pl. Pet. ¶ 4.

11. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

12. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

13. Defendant PNG is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business in Pennsylvania. Ex. A, Pl. Pet. ¶ 6; Ex. B, Ashford Decl., ¶ 4. Its headquarters and corporate headquarters are located in Wyomissing,

Pennsylvania, which is where the company performs its executive and administrative functions. Ex. B, Ashford Decl., ¶ 5. Pursuant to 28 U.S.C. § 1332(c), PNG is a citizen of Pennsylvania.

14.     For the purposes of diversity jurisdiction, a limited liability corporation's citizenship is the citizenship of each of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

15.     Defendant Argosy is an LLC with one member, CRC Holdings, Inc. Ex. B, Ashford Decl., ¶ 6. CRC Holdings is a Florida Corporation with its principal place of business in Pennsylvania. *Id*.   Accordingly, because CRC Holding is citizen of Florida and Pennsylvania, Argosy is also a citizen of Florida and Pennsylvania.

16.     Because Plaintiff is diverse from Defendants, complete diversity exists in this action.

**B.      The Amount in Controversy Exceeds $75,000.00**

17.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs."

18.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (internal quotations omitted). Further, the relevant question is the value of the claim, and not the amount pled or the

actual verdict. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The case should remain in federal court "unless it is legally impossible for the plaintiff to recover that much." *Pegues v. Durhan D & M, LLC,* 2014 WL 3361815, at *2 (W.D. Mo. July 9, 2014) (denying an individual plaintiff's motion to remand a MMWL claim because there was a "plausible basis for believing more than $75,000 [was] in controversy"). This is true "[e]ven if it is highly improbable" the plaintiff will recover the amount in controversy. *Id.*

20.     Although Defendants dispute many of Plaintiff's allegations and deny they are liable to Plaintiff, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff alleges she is entitled to, in relevant part, unpaid regular and overtime wages, treble damages and attorneys' fees. Ex. A, Pl. Pet. ¶¶ 43, 45.

21.     In determining the amount in controversy, courts should consider the plaintiff's claim for attorneys' fees.  *McNamee v. Knudsen & Sons, Inc.*, No. 4:15-CV-572 (CEJ), 2016 WL 827942, at *2 (E.D. Mo. Mar. 3, 2016). The MMWL provides for the recovery of attorneys' fees. Mo. Rev. Stat. § 290.527.

22.     This Court may consider prior awards of attorneys' fees to decide whether a fact finder might legally conclude that Plaintiff's damages are greater than $75,000.00. *See Hoffmann v. Empire Mach. & Tools, Ltd,* No. 4:10-cv-00201, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010) ("in jurisdictions, like Missouri, that do not require a claimant to state the amount of damages sought," defendants can show the amount in controversy by pointing to "damage recoveries in similar cases").

23.     Attorneys' fee awards in individual wage and hour cases under the Fair Labor Standards Act, MMWL, or similar state statutes regularly exceed $75,000.00. *See, e.g.*:

- *Kyriakoulis v. Dupage Health Center, Ltd.*, 2014 WL 1257937 (N.D. Ill. Mar. 27, 2014) (awarding attorneys' fees of **$115,826.50** in single plaintiff FLSA and state law matter);

- *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1313-14 (S.D. Fla. 2009) (awarding attorneys' fees of **$97,796.25** in single plaintiff FLSA matter);

- *Cunningham v. Gibson Elec. Co., Inc.*, 63 F. Supp. 2d 891, 895 (N.D. Ill. 1999) (awarding attorneys' fees of **$138,589.50** in single plaintiff FLSA matter).

- *Stockdall v. TG Investments*, No. 4:14-cv-01557, 2016 WL 4206012 (E.D. Mo. Aug. 16, 2016) (awarding **$145,050.00** in attorneys' fees in an FLSA and MMWL case with only two plaintiffs);

*See also Delsing v. Starbucks Coffee Corp.*, 2010 WL 1507642 (D. Minn. Apr. 14, 2010) (denying remand because attorneys' fees in a single plaintiff wage and hour claim case would likely exceed $75,000.00 since "[f]ee awards over $75,000 are common in employment matters litigated through trial").

24.     Further, attorneys from Stueve Siegel Hansen LLP, one of the firms representing Plaintiff, have been awarded hourly rates as high as $700 per hour in wage and hour cases:

- *Abdiaziz v. Tyson Foods, Inc.*, No. 11-1298, Doc. Nos. 1108-1, p. 13, 1112, (D. Kan. July 15, 2015) (awarding **$351,312.50** in attorneys' fees in FLSA and Kansas Wage Payment Act action with Mr. Hanson's hourly rate at **$700**).

- *Garcia v. Tyson Foods, Inc.*, 770 F.3d. 1300, 1311-12 (10th Cir. 2014) (affirming award of **$3,389,207.41** in attorney fees' in FLSA and KWPA case, including Stueve Siegel Hanson 2011 rates of **$325-$600** per hour for attorneys' fees);

- *In re Bank of America Wage and Hour Employment Litig.*, 2013 WL 6670602, at *4 (D. Kan. Dec. 18, 2013) (blended rate of **$488.44** for attorneys' fees); and

- *Bruner v. Sprint*, 2009 WL 2058762, at *10 (D. Kan. July 14, 2009) (blended rate of **$590.91** for attorneys' fees).

25.     Stueve Siegel Hanson LLP has represented to this Court that Mr. Hanson, who represents Plaintiff, billed and collected his time at **$865** per hour for non-contingent work in

2017. *See Cooper*, No. 4:16-cv-01293, Doc. 124-1, ¶ 21 (W.D. Mo. Nov. 28, 2018) (declaration in support for motion for attorneys' fees).

26. Common sense dictates that over $75,000.00 in attorneys' fees is in controversy in this matter, based on Stueve Sigel Hanson LLP's rates alone. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (a district court may use judicial experience and common sense to determine if the amount-in-controversy requirement has been met). Using only the lowest hourly rate of $325.00 for Stueve Siegel Hanson in *Garcia*, this equates to only 230.8 billed hours, which is well below the amount of hours that are needed to take a case through trial. Or, using the $488.44 blended rate from *In re Bank of America Wage and Hour Litigation*, this amounts to only 153.6 hours. Stueve Siegel Hansen LLP represented it spent 345.1 hours on an FLSA case with only one plaintiff. *See Renteria-Camacho v. Directv, Inc.*, No. 2:14-cv-02529, Doc. No. 115-1, p. 8 (D. Kan. July 27, 2018). In *Stockdall*, plaintiffs' counsel represented they spent 536 hours in what amounted to a one-day trial on the single issue of liquidated damages. *See Stockdall*, 2016 WL 4206012.

27. Based on the foregoing, it is entirely possible – if not virtually guaranteed – that a fact finder might legally conclude that Plaintiff's counsel would reasonably bill more than 230.8 hours (or 153.6 hours) to defend this case, even if only considering the bare minimum tasks that must be completed (preparing the complaint, participating in early mediation through the MAP program, participating in written discovery, preparing for and defending Plaintiff's deposition, dispositive motion practice, preparing for and conducting a trial, and post-trial motion practice).

28. Considering the *combination* of Plaintiff's potential claims for unpaid wages and attorneys' fees, "a fact finder might legally conclude" that Plaintiff's damages exceed $75,000, exclusive of interest and costs. *Quinn*, 228 F. Supp. 2d at 1040. Accordingly, Defendants have

demonstrated that this matter meets the amount in controversy requirement for removal of this action.

## IV. SUPPLEMENTAL JURISDICTION OVER PUTATIVE CLASS MEMBERS' CLAIMS

29.     28 U.S.C. § 1367 provides a court may exercise supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction over all over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III.

30.     In removing a putative class action based on diversity jurisdiction, "if one class member's claim exceeds the amount in controversy, a district court can exercise supplemental jurisdiction of class members who do not, themselves, satisfy the jurisdictional requirement." *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 549, (2005); *see Williams v. Wells Fargo Bank, Nat. Ass'n,* 9 F. Supp. 3d 1080, 1084 (W.D. Mo. 2014).

31.     Accordingly, this Court can exercise jurisdiction over the putative class claims should a class ever become certified.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

32.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Platte County, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## VI. CONCLUSION

Because Defendants have fulfilled all statutory requirements, Defendants remove this action to this Court from the Circuit Court of Platte County, Missouri, and requests that this Court assume full jurisdiction over this matter as provided by law.

73124501.2

Respectfully submitted,

POLSINELLI PC


By: */ Kaitlin E. Gallen*
    DENISE K. DRAKE (MO #43351)
    TRAVIS L. SALMON (MO# 53090)
    JASON N.W. PLOWMAN (MO #67495)
    KAITLIN E. GALLEN (MO #65913)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    ddrake@polsinelli.com
    tsalmon@polsinelli.com
    jplowman@polsinelli.com
    kgallen@polsineli.com


ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of May, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the Court's eFiling System, which sends a notice of electronic filing constituting service to the following:

George A. Hanson
Alexander T. Ricke
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
hanson@stuevesiegel.com
ricke@stuevesiegel.com
Tel.: (816) 714-7100
Fax: (816) 714-7101

ATTORNEYS FOR PLAINTIFFS

Ryan L. McClelland
Michael J. Rahmberg
McClelland Law Firm
The Flagship Building
200 Westwoods Drive
Liberty, MO 64068-1170
(816) 781-0002
Fax: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFFS


 */s/ Kaitlin E. Gallen*
Attorney for Defendants