# EXHIBIT A



Search for Cases by: [Select Search Method...        ▼]

**Judicial Links**  |  **eFiling**  |  **Help**  |  **Contact Us**  |  **Print**      GrantedPublicAccess  Logoff HENRY_THOMAS

---

**20AE-CC00099 - GINA LIPARI-WILLIAMS V THE MISSOURI GAMING C ET AL (E-CASE)**

---

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                  Sort Date Entries: ⦿ Descending    Display Options: [All Entries ▼]
**Click here to Respond to Selected Documents**            ○ Ascending

---

04/08/2020  ☐ **Corporation Served**
Document ID - 20-SMCC-168; Served To - THE MISSOURI GAMING COMPANY, LLC; Server - ; Served Date - 02-APR-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Summons was returned served by SPS on 4/2/2020 with Bonnie Love accepting service at 120 S Central Ave, Clayton, MO. (ldb)

☐ **Corporation Served**
Document ID - 20-SMCC-169; Served To - PENN NATIONAL GAMING, INC.; Server - ; Served Date - 02-APR-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Summons was returned served by SPS on 4/2/2020 with Bonnie Love accepting service at 120 S Central Ave, Clayton, MO. (ldb)

☐ Notice of Service
Affidavit of Service - The Missouri Gaming Company, LLC filed. (ldb) Electronic Filing Certificate of Service.
    **Filed By:** RYAN LEE MCCLELLAND
    **On Behalf Of:** GINA RACHELLE LIPARI-WILLIAMS

☐ Notice of Service
Affidavit of Service - Penn National Gaming, Inc filed. (ldb) Electronic Filing Certificate of Service.
    **Filed By:** RYAN LEE MCCLELLAND

04/01/2020  ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-169, for PENN NATIONAL GAMING, INC.. issued and forwarded to attorney for proper service by special process sserver. (kmm)

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-168, for THE MISSOURI GAMING COMPANY, LLC issued and forwarded to attorney for proper service by special process server. (kmm)

☐ **Order - Special Process Server**
ORDER APPOINTING SPECIAL PROCESS SERVER signed and filed. (kmm)

☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE of attorney Michael J. Rahmberg as co-counsel on behalf of the plaintiff filed. (kmm) Electronic Filing Certificate of Service.
    **Filed By:** MICHAEL JAMES RAHMBERG
    **On Behalf Of:** GINA RACHELLE LIPARI-WILLIAMS

☐ **Motion Special Process Server**
APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER filed with Proposed Order. (kmm) Electronic Filing Certificate of Service.
    **Filed By:** RYAN LEE MCCLELLAND
    **On Behalf Of:** GINA RACHELLE LIPARI-WILLIAMS

☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE of attorney Ryan L. McClelland as co-counsel on behalf of the plaintiff filed. (kmm) Electronic Filing Certificate of Service.
    **Filed By:** RYAN LEE MCCLELLAND
    **On Behalf Of:** GINA RACHELLE LIPARI-WILLIAMS

|  | ☐ | **Judge/Clerk - Note** |
| | | No summons issued at this time due to no service instructions provided by attorney. (kmm) |
| | ☐ | **Notice** |
| | | NOTICE OF 90 DAY DOCKET CALL set for July 10, 2020 at 9:00 a.m. in DIV II filed. (kmm) |
| | ☐ | **Hearing Scheduled** |
| | | Scheduled For: 07/10/2020;  9:00 AM ;  JAMES W VAN AMBURG;  Platte |

**03/31/2020** ☐ **Filing Info Sheet eFiling**
          **Filed By:** ALEXANDER THOMAS RICKE

      ☐ **Pet Filed in Circuit Ct**
        CLASS ACTION PETITION filed. (kmm)
          **On Behalf Of:** GINA RACHELLE LIPARI-WILLIAMS

      ☐ **Judge Assigned**

Electronically Filed - Platte - March 31, 2020 - 03:02 PM

## IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

| | |
|---|---|
| GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| THE MISSOURI GAMING COMPANY, LLC, d/b/a ARGOSY RIVERSIDE CASINO | ) ) ) |
| Serve: CT CORPORATION SYSTEM 120 South Central Ave. Clayton, Missouri 63105 | ) ) ) ) |
| and, | ) ) |
| PENN NATIONAL GAMING, INC. | ) ) |
| Serve: CT CORPORATION SYSTEM 120 South Central Ave. Clayton, Missouri 63105 | ) ) ) ) |
| Defendants. | ) ) |

Case No. _____

Division _____

**JURY TRIAL DEMANDED**

## CLASS ACTION PETITION

Gina R. Lipari-Williams ("Plaintiff"), by and through her counsel of record, states and alleges the following claims against The Missouri Gaming Company, LLC d/b/a Argosy Riverside Casino, and Penn National Gaming, Inc. (collectively, "Defendants").

## NATURE OF ACTION

1.     This is a class action to recoup illegal deductions for state gaming license fees from the wages of hourly employees at the Argosy Riverside Casino and Hollywood Casino St. Louis, located in Platte County, Missouri and St. Louis County, Missouri, respectively.  Both casinos are owned and operated by Penn National Gaming, Inc., which is a national casino conglomerate that, along with the property-specific corporate entities, jointly employs the workers at those casino properties, including Plaintiff.

1

2. Under Defendants' uniform gaming license deduction policy, Defendants deduct from their employees' wages the amount it costs Defendants to initially obtain or thereafter renew the employees' state-issued gaming license. These state-issued gaming licenses are primarily for the benefit and convenience of Defendants and therefore cannot be deducted from employees' wages. Instead, Defendants have simply passed part of their cost of doing business onto their employees in violation of Missouri law.

3. Plaintiff asserts claims for violation of the Missouri Minimum Wage Law, common law breach of contract, and common law unjust enrichment. Plaintiff asserts each claim as a class action under Missouri Rule of Civil Procedure 52.08.

## PARTIES

4. Plaintiff Gina R. Lipari-Williams resides in Platte City, Missouri, and is a resident of the State of Missouri. Plaintiff is currently is employed by Defendants at their Argosy Riverside Missouri property located in Riverside, Missouri.

5. Defendant The Missouri Gaming Company, LLC is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Riverside, Missouri.

6. Defendant Penn National Gaming, Inc. is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Wyomissing, Pennsylvania.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court.

8. This Court has personal jurisdiction over Defendant The Missouri Gaming Company, LLC because its principal place of business is located within the State of Missouri, it

2

transacts business within the State of Missouri, it enters into contracts within the State of Missouri, and it is authorized by the Missouri Secretary of State to do business within the State of Missouri.

9. This Court has personal jurisdiction over Defendant Penn National Gaming, Inc. because it transacts business within the State of Missouri, it enters into contracts within the State of Missouri, and it is authorized by the Missouri Secretary of State to do business within the State of Missouri.

10. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to Article V, § 14(a), of the Missouri Constitution. And, jurisdiction is vested in the Circuit Court of Platte County, Missouri in that the damages are in excess of the monetary jurisdictional minimum of the Circuit Court.

11. Venue is proper in this Court pursuant to RSMo § 508.010 because (1) Defendant The Missouri Gaming Company, LLC's principal place of business is located in Platte County, Missouri; (2) Plaintiff's residence is located in Platte County, Missouri; and (3) Plaintiff was employed at Defendants' casino property located in Platte County, Missouri.

12. Plaintiff is not asserting claims for violation of federal law, including, but not limited to, the Fair Labor Standards Act ("FLSA") in this Class Action Petition. Federal question jurisdiction does not exist over Plaintiff's claims.

## UNLAWFUL GAMING LICENSE FEE DEDUCTION

13. Defendants have established a uniform gaming license deduction policy that governs employees at their casinos.

14. Under this policy, Defendants deduct from their employees' wages the amount it costs Defendants to initially obtain and thereafter renew the employee's state-issued gaming license, as well as the cost of any replacement license when it is lost or destroyed.

3

Electronically Filed - Platte - March 31, 2020 - 03:02 PM

15. Defendants' employees' state-issued gaming license is primarily for the benefit or convenience of Defendants. Defendants' casinos exist in a heavily regulated environment. For example, Defendants can only have table games in the casino if they are operated by employees (table games dealers) who have the required state-issued gaming license. These state-issued gaming licenses are specifically required for the employee's performance of the employer's particular business. Without these state licensed employees, Defendants could not compliantly operate their casinos and, in turn, generate the revenues needed to support their operations and realize profits. Costs that are for the "private benefit of the employee" (as that term is used in the Mo. Code Regs. Ann. tit. 8, § 30-4.050) are universally ordinary living expenses that one would incur in the course of life outside the workplace. Occupational licensing costs—like the state-issued gaming license at issue here—arise out of employment rather than the ordinary course of life. To that end, Plaintiff has no use for her gaming license in the ordinary course of life outside the workplace. Therefore, Defendants' employees' state-issued gaming license primarily benefits the employer, not the employee, and are not deductible under the Missouri Minimum Wage Law to the extent that they cut into the minimum or overtime wages required to be paid these employees.

16. For Defendants' many employees, like Plaintiff, who are paid a direct cash wage of $9.45 per hour (the state-required minimum wage) or less, which include, among others, Defendants' tipped employees (like Plaintiff) for whom Defendants pay a subminimum direct cash wage and claim a tip credit, this gaming license deduction is unlawful because it necessarily reduces the employees' earnings below the required minimum wage and overtime compensation in the workweeks in which Defendants make the deduction, resulting in violations of the Missouri Minimum Wage Law.

4

17.     Recently, two decisions from the United States District Court for the Western District of Missouri have confirmed that gaming license fees are costs arising from employment, and therefore, primarily benefit Defendants and may not be deducted from employees' wages under Missouri law (as well as federal law).  *See Lilley v. IOC-Kansas City, Inc.*, No. 4:19-cv-00553-SRB, at *5 (W.D. Mo. Nov. 7, 2019); s*ee also Lockett v. Pinnacle Entertainment, Inc.*, No. 4:19-cv-00358-GAF (W.D. Mo. Oct. 10, 2019).

18.     Defendants' Missouri Minimum Wage Law violations alleged herein were willful in that Defendants either knew of the specific Missouri Minimum Wage Law requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the Missouri Minimum Wage Law.  Defendants' Minimum Wage Law violations alleged herein were also willful because Defendants continued to do so after having actual knowledge of the *Lilley* and *Lockett* decisions finding the practice violated Missouri law.

19.     Plaintiff and other similarly situated employees are also entitled under the Missouri Minimum Wage Law to recover a reasonable attorney's fee to be paid by the Defendants, and costs of this action.

20.     Throughout Plaintiff's employment as a Table Games Dealer, she was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendants made a deduction to her wages to cover such costs for her gaming license, Plaintiff's regular rate of pay fell below the requisite state minimum wage.  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours she actually worked resulted in an amount less than the statutory requirement, Defendants violated the minimum wage requirements.

5

21.     For instance, Defendants deducted gaming license fees from Plaintiff's wages during the pay period ending on March 14, 2019.  During this pay period, Defendants deducted a gaming license fee in the amount of $25.00 from Plaintiff Lipari-Williams' wages.  During this pay period, Plaintiff Lipari-Williams was paid a direct cash wage of $6.386 per hour.  For purposes of the Missouri Minimum Wage Law, Defendants claimed a tip credit only to bridge the gap between Plaintiff Lipari-Williams' direct cash wage of $6.386 per hour and the state minimum wage of (at the time) $8.60 per hour.  Under these circumstances and for purposes of the Missouri Minimum Wage Law, any deduction from Plaintiff Lipari-Williams' wages, including the unlawful gaming license deduction at issue, violated the Missouri Minimum Wage Law because they necessarily reduced her wages below the state minimum wage for each hour worked.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Missouri Rule of Civil Procedure 52.08 on behalf of three classes.

23.     **Missouri Minimum Wage Law Class**:

Pursuant to Missouri Rules of Civil Procedure 52.08(a), 52.08(b)(1), 52.08(b)(2), 52.08(b)(3) and/or 52.08(c)(4), Plaintiff brings this action on behalf of herself and the following class:

> All persons currently or formerly employed in hourly positions at Defendants' Argosy Riverside and/or Hollywood St. Louis properties who had a deduction made from their payroll check for gaming licenses during a workweek when the employee's direct cash wage was equal to or less than the then-applicable state minimum wage, at any time from three years prior to the filing of this Class Action Petition to the present.

24.     **Missouri Common Law Breach of Contract Class**:

6

Electronically Filed - Platte - March 31, 2020 - 03:02 PM

Pursuant to Missouri Rules of Civil Procedure 52.08(a), 52.08(b)(1), 52.08(b)(2), 52.08(b)(3) and/or 52.08(c)(4), Plaintiff brings this action on behalf of herself and the following class:

> All persons currently or formerly employed in hourly positions at Defendants' Argosy Riverside and/or Hollywood St. Louis properties who had a deduction made from their payroll check for gaming licenses during a workweek, at any time from five years prior to the filing of this Class Action Petition to the present.

25.     **Missouri Common Law Unjust Enrichment/Quantum Meruit Class**:

Pursuant to Missouri Rules of Civil Procedure 52.08(a), 52.08(b)(1), 52.08(b)(2), 52.08(b)(3) and/or 52.08(c)(4), Plaintiff brings this action on behalf of herself and the following class:

> All persons currently or formerly employed in hourly positions at Defendants' Argosy Riverside and/or Hollywood St. Louis properties who had a deduction made from their payroll check for gaming licenses during a workweek, at any time from five years prior to the filing of this Class Action Petition to the present.

26.     Plaintiff's MMWL claim (Count I), breach of contract claim (Count II), and unjust enrichment/quantum meruit claim (Count III), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

27.     These classes each number in the hundreds, if not thousands, of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice. Further, members can readily be identified by records Defendants, as employers, are required to maintain.

28.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a.      Whether Defendants failed to pay Plaintiff and class members minimum wage within the meaning of the Missouri Minimum Wage Law when they deducted gaming license fees from their wages;

b.      Whether Defendants failed to pay Plaintiff and class members overtime wages within the meaning of the Missouri Minimum Wage Law when they deducted gaming license fees from their wages;

c.      Whether the gaming license fees are primarily for Defendants' benefit or for the private benefit of the Plaintiff and class members;

d.      Whether Defendants breached their contracts with Plaintiff and class members by failing to pay them for all hours worked by virtue of deducting the gaming license fees from their wages;

e.      Whether Defendants were unjustly enriched by virtue of deducting the gaming license fees from their wages; and

f.      Whether Defendants willfully violated the Missouri Minimum Wage Law.

29.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same unlawful gaming license fee deduction practices as Plaintiff.

31.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendants have acted or refused to act on grounds generally applicable to the

8

classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

32. Plaintiff is an adequate representative because she is a member of each of the classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation, including, specifically, gaming license fee deduction claims.

33. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Missouri Minimum Wage Law, RSMo. §§ 290.500, *et seq.*

34. At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law, RSMo. §§ 290.500, *et seq.*

35. The Missouri Minimum Wage Law regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable

9

herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law. RSMo. §§ 290.500(3), (4); RSMo. § 290.505.1.

36.     The Missouri Minimum Wage Law should be construed in accordance with its provisions and those of the Fair Labor Standards Act ("FLSA"). Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of The Missouri Minimum Wage Law follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

37.     During all times relevant to this action, Defendants were the "employer" of Plaintiff and the class members within the meaning of the Missouri Minimum Wage Law. RSMo. §§ 290.500(3), (4).

38.     During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of the Missouri Minimum Wage Law. RSMo. §§ 290.500(3).

39.     Plaintiff and the class members are covered, non-exempt employees within the meaning of the Missouri Minimum Wage Law. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. RSMo. § 290.502.1.

40.     Pursuant to the Missouri Minimum Wage Law, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. RSMo. § 290.505.1.

41.     Although the Missouri Minimum Wage Law contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none apply here.  RSMo. § 290.500(3).

42.     Plaintiff and the class members are victims of uniform and employer-based compensation policies, specifically the deduction of the cost of obtaining and thereafter maintaining a gaming license from their wages.

43.     Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two years preceding the filing of this Class Action Petition, plus periods of equitable tolling, along with an additional amount as treble damages, less any amount actually paid to the employees by Defendants.  RSMo. § 290.527.

44.     Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

45.     Defendants are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action.  RSMo. § 290.527.

## COUNT II

### Breach of Contract

46.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

47.     Defendants entered into a contract with Plaintiff and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

48.     Defendants breached this contract by failing to pay Plaintiff and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

11

49.     Specifically, Defendants reduced Plaintiff's and other similarly situated employees' wages by deducting the cost of the gaming license from their wages, which is not permitted by the contract.  This constitutes a breach of Defendants' employment contract with Plaintiff and other similarly situated employees.

50.     Because of Defendants' breach, Plaintiff and other similarly situated employees have been damaged.

### COUNT III

### Unjust Enrichment/Quantum Meruit

51.     Defendants benefited from the work performed by Plaintiff and other similarly situated employees during the work weeks when Defendants deducted the costs of gaming licenses from Plaintiff's and other similarly situated employees' wages.  In deducting the costs for gaming licenses from Plaintiff's and other similarly situated employees' wages, Defendants were receiving a benefit (the work) for which it had not paid wages due and owing.

52.     Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

53.     Defendants' acceptance and retention of the benefit of Plaintiff and the other similarly situated employees' unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a)     That the Court enter an order certifying the three classes, appointing Plaintiff as a representative of the classes, appointing Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as class counsel, and directing that reasonable notice of this action, as provided by Missouri Rule of Civil Procedure 52.08(c)(2), be given to the class;

(b)     For a judgment against Defendants for the causes of action alleged against them;

(c)     For compensatory damages in an amount to be proven at trial but constituting, at least, the cost of gaming licenses wrongfully deducted from employees' gaming licenses during the applicable limitations periods;

(d)     For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(e)     For Plaintiff's attorneys' fees as provided for under the Missouri Minimum Wage Law;

(f)     For Plaintiff's costs incurred as provided for under the Missouri Minimum Wage Law;

(g)     For liquidated and/or treble damages as provided for under the Missouri Minimum Wage Law; and

(h)     For such other relief in law or equity as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 31, 2020          Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Alexander T. Ricke*
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, MO Bar No. 59343
Michael J. Rahmberg, MO. Bar No. 66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**



**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

**NOTICE**
**SETTING ON CALENDAR**

STATE OF MISSOURI     )
                                ) ss
COUNTY OF PLATTE      )

CASE NO:         20AE-CC00099
NATURE OF SUIT:  CC Breach of Contract

GINA RACHELLE LIPARI-WILLIAMS
Plaintiff/Petitioner

      v.

 THE MISSOURI GAMING COMPANY, LLC
 PENN NATIONAL GAMING, INC.
Defendant/Respondent

TO:

| GINA RACHELLE LIPARI-WILLIAMS 15365 NW 124TH TERRACE PLATTE CITY, MO 64079 | THE MISSOURI GAMING COMPANY, LLC  PENN NATIONAL GAMING, INC. CT CORPORATION SYSTEM 120 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | ALEXANDER THOMAS RICKE 460 Nichols Rd SUITE 200 KANSAS CITY, MO 64112 | |
|---|---|---|---|

       You are hereby notified that the referenced case has been set on the calendar as follows:

               Division:        DIVISION 2 COURT ROOM
               Date:           10-JUL-2020
               Time:           09:00 AM
               Setting:

Date:  01-APR-2020

                                         Kimberly K. Johnson
                                         Circuit Clerk, Platte County

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20AE-CC00099 |
| vs. | ) ) | Division II |
| THE MISSOURI GAMING COMPANY, LLC, d/b/a ARGOSY RIVERSIDE CASINO, and PENN NATIONAL GAMING, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY OF APPEARANCE AS CO-COUNSEL**

Ryan L. McClelland, with the law firm of McClelland Law Firm, P.C., hereby enters his appearance as co-counsel of record for Plaintiff Gina R. Lipari-Williams, individually and on behalf of all others similarly situated, in the above matter.

Dated: April 1, 2020

Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By:    /s/ Ryan L. McClelland
       Ryan L. McClelland, MO Bar #59343
       The Flagship Building
       200 Westwoods Drive
       Liberty, Missouri  64068-1170
       Telephone:     (816) 781-0002
       Facsimile:      (816) 781-1984
       ryan@mcclellandlawfirm.com

       ATTORNEY FOR PLAINTIFF

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri electronic filing system, which sent notification of such filing to all counsel of record.

By:  /s/ Ryan L. McClelland

ATTORNEY FOR PLAINTIFF

2

# IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

GINA R. LIPARI-WILLIAMS, individually and   )
on behalf of all others similarly situated,      )
                                        )
                 Plaintiff,       )      Case No. 20AE-CC00099
                                          )
vs.                                  )      Division II
                                          )
THE MISSOURI GAMING COMPANY, LLC,   )
d/b/a ARGOSY RIVERSIDE CASINO, and    )
PENN NATIONAL GAMING, INC.,          )
                                        )
              Defendants.    )

## APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

     Gina R. Lipari-Williams ("Plaintiff"), by and through her counsel of record, requests an Order from this Honorable Court pursuant to Local Rule 25, Missouri Supreme Court Rule 54.13, and R.S.Mo. § 506.140, appointing the following Special Process Servers employed by (or agents of) HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Jan Adams | Roger Adams | Joseph Baska | Kellie Meyer |
| Dennis Dahlberg | Mary Dahlberg | Robert Finley | Darnell Hamilton |
| Grace Hazell | Michael Hibler | Martin Hueckel | JoAnn Lane |
| Joni Lane | Robert Manning | Susie Martin | Michael McMahon |
| Jenna Mendoza | Trinity Olson | Angela Reed | Christopher Reed |
| Cheryl Richey | David Roberts | Nathaniel Scott | Christina Tiffany |
| Robert E. Vick, II | Bradley Votaw | Ariel Wilson | Jerry Wooten |

     In support of this request, Plaintiff states as follows:

1.     The above-named individuals are residents of the State of Missouri.

2.     The above-named individuals are over the age of eighteen.

3.     The above-named individuals are not parties to the action.

WHEREFORE, Plaintiff requests this Honorable Court for an Order appointing the above-named Special Process Servers to serve the Summons in Civil Case and Petition for Damages on Defendants in this action.

Dated: April 1, 2020                    Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:     (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**

*/s/ Ryan L. McClelland*
Ryan L. McClelland, MO Bar No. 59343
Michael J. Rahmberg, MO Bar No. 66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:     (816) 781-0002
Facsimile:     (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

**ORDER APPOINTING SPECIAL PROCESS SERVER**

For good cause shown, as stated in Plaintiff's Application for Order Appointing Special Process Server filed contemporaneously herewith, it is hereby ordered that the above-named individuals are appointed Special Process Server(s) to serve the Summons in Civil Case and Petition for Damages on Defendants in this action.

_____          _____
Date                             Judge/Platte County Circuit Clerk

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20AE-CC00099 |
| vs. | ) ) | Division II |
| THE MISSOURI GAMING COMPANY, LLC, d/b/a ARGOSY RIVERSIDE CASINO, and PENN NATIONAL GAMING, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY OF APPEARANCE AS CO-COUNSEL**

Michael J. Rahmberg, with the law firm of McClelland Law Firm, P.C., hereby enters his appearance as co-counsel of record for Plaintiff Gina R. Lipari-Williams, individually and on behalf of all others similarly situated, in the above matter.

Dated:  April 1, 2020                    Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By:      /s/ Michael J. Rahmberg
         Michael J. Rahmberg, MO Bar #66979
         The Flagship Building
         200 Westwoods Drive
         Liberty, Missouri  64068-1170
         Telephone:      (816) 781-0002
         Facsimile:      (816) 781-1984
         mrahmberg@mcclellandlawfirm.com

         ATTORNEYS FOR PLAINTIFF

1

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri electronic filing system, which sent notification of such filing to all counsel of record.

By: /s/ Michael J. Rahmberg

ATTORNEY FOR PLAINTIFF

2

Electronically Filed - Platte - April 01, 2020 - 10:44 AM

# IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

GINA R. LIPARI-WILLIAMS, individually and   )
on behalf of all others similarly situated,   )
                                    )
              Plaintiff,   )      Case No. 20AE-CC00099
                                      )
vs.                                 )      Division II
                                      )
THE MISSOURI GAMING COMPANY, LLC,   )
d/b/a ARGOSY RIVERSIDE CASINO, and   )
PENN NATIONAL GAMING, INC.,   )
                                      )
             Defendants.   )

## APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

Gina R. Lipari-Williams ("Plaintiff"), by and through her counsel of record, requests an Order from this Honorable Court pursuant to Local Rule 25, Missouri Supreme Court Rule 54.13, and R.S.Mo. § 506.140, appointing the following Special Process Servers employed by (or agents of) HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Jan Adams | Roger Adams | Joseph Baska | Kellie Meyer |
| Dennis Dahlberg | Mary Dahlberg | Robert Finley | Darnell Hamilton |
| Grace Hazell | Michael Hibler | Martin Hueckel | JoAnn Lane |
| Joni Lane | Robert Manning | Susie Martin | Michael McMahon |
| Jenna Mendoza | Trinity Olson | Angela Reed | Christopher Reed |
| Cheryl Richey | David Roberts | Nathaniel Scott | Christina Tiffany |
| Robert E. Vick, II | Bradley Votaw | Ariel Wilson | Jerry Wooten |

In support of this request, Plaintiff states as follows:

1.      The above-named individuals are residents of the State of Missouri.

2.      The above-named individuals are over the age of eighteen.

3.      The above-named individuals are not parties to the action.

Electronically Filed - Platte - April 01, 2020 - 10:44 AM

WHEREFORE, Plaintiff requests this Honorable Court for an Order appointing the above-named Special Process Servers to serve the Summons in Civil Case and Petition for Damages on Defendants in this action.

Dated: April 1, 2020                    Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**

*/s/ Ryan L. McClelland*
Ryan L. McClelland, MO Bar No. 59343
Michael J. Rahmberg, MO Bar No. 66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

**ORDER APPOINTING SPECIAL PROCESS SERVER**

> *FILED*
> *4/1/2020*
> *01:54 PM*
> *KIMBERLY K JOHNSON*
> *CIRCUIT CLERK*
> *PLATTE COUNTY, MO*

For good cause shown, as stated in Plaintiff's Application for Order Appointing Special Process Server filed contemporaneously herewith, it is hereby ordered that the above-named individuals are appointed Special Process Server(s) to serve the Summons in Civil Case and Petition for Damages on Defendants in this action.

Kimberly K Johnson CC

April 1, 2020                    by Kristina M Melton DC
_____
Date                            Judge/Platte County Circuit C



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES W VAN AMBURG | **Case Number:  20AE-CC00099** |
| Plaintiff/Petitioner:<br>GINA RACHELLE LIPARI-WILLIAMS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER THOMAS RICKE<br>460 Nichols Rd<br>SUITE 200<br>KANSAS CITY, MO  64112 |
| vs. | |
| Defendant/Respondent:<br> THE MISSOURI GAMING COMPANY, LLC | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO  64079 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  THE MISSOURI GAMING COMPANY, LLC**
**Alias:  ARGOSY RIVERSIDE CASINO**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*PLATTE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

Kimberly K Johnson CC
by Kristina M Melton DC

| | |
|---|---|
| April 1, 2020 | |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
Date                                                                            Notary Public

### Sheriff's Fees, if applicable

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:20-cv-06007-SRB   Document 1-2   Filed 05/01/20   Page 27 of 32



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES W VAN AMBURG | **Case Number:  20AE-CC00099** |
| Plaintiff/Petitioner:<br>GINA RACHELLE LIPARI-WILLIAMS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER THOMAS RICKE<br>460 Nichols Rd<br>SUITE 200 |
| vs. | KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br> THE MISSOURI GAMING COMPANY, LLC | Court Address:<br>415 3RD STREET<br>SUITE 5 |
| Nature of Suit:<br>CC Breach of Contract | PLATTE CITY, MO  64079 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  PENN NATIONAL GAMING, INC.**
                                            **Alias:**

CT CORPORATION
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

*COURT SEAL OF*

*PLATTE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_April 1, 2020_                         Kimberly K Johnson CC
                                         by Kristina M Melton DC
          Date                                               Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____ , a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                            Signature of Sheriff or Server
          **Must be sworn before a notary public if not served by an authorized officer:**

                              Subscribed and sworn to before me on _____ (date).

*(Seal)*

                              My commission expires: _____          _____
                                                                              Date                                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 20-SMCC-169          1 of  1          Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06067-SRB   Document 1-2   Filed 05/01/20   Page 28 of 32



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: **20AE-CC00099** |
| Plaintiff/Petitioner:<br>GINA RACHELLE LIPARI-WILLIAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER THOMAS RICKE<br>460 Nichols Rd<br>SUITE 200<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>THE MISSOURI GAMING COMPANY, LLC | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **PENN NATIONAL GAMING, INC.**
           **Alias:**

CT CORPORATION
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105
*COURT SEAL OF*

*PLATTE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

Kimberly K Johnson CC
by Kristina M Melton DC

April 1, 2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_Bonnie Love_ (name) _DOS INTAKE SPEC._ (title).

☐ other: _____

Served at _120 S. Central Ave, Clayton, MO 63105_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _4/2/2020_ (date) at _1:00pm_ (time).

_Martin Hueckel_      _Martin Hueckel_
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)      Subscribed and sworn to before me on _April 4, 2020_ (date).

My commission expires: _3/14/2021_ _____
         Date            Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires March 14, 2021
Commission # 13460023

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# AFFIDAVIT OF SERVICE

**State of Missouri**  ·  **County of Platte**  **Circuit Court**

Case Number: 20AE-CC00099

Plaintiff/Petitioner:
**GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly situated**

vs.

Defendant/Respondent:
**THE MISSOURI GAMING COMPANY, LLC d/b/a ARGOSY RIVERSIDE CASINO, et al.**

Received by HPS Process Service & Investigations to be served on **Penn National Gaming, Inc., c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **2nd day of April, 2020** at **1:00 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Class Action Petition; Notice Setting on Calendar; Entry of Appearance as Co-Counsel (Ryan L. McClelland); Entry of Appearance as Co-Counsel (Michael J. Rahmberg); and Application for Order Appointing Special Process Server/Order Appointing Special Process Server (x2)** to **Bonnie Love, POS Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ____ day of _____ 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2020006780

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires March 14, 2021
Commission # 13460023

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: 20AE-CC00099 |
| Plaintiff/Petitioner:<br>GINA RACHELLE LIPARI-WILLIAMS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER THOMAS RICKE<br>460 Nichols Rd<br>SUITE 200<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>THE MISSOURI GAMING COMPANY, LLC | Court Address:<br>415 3RD STREET |
| Nature of Suit:<br>CC Breach of Contract | SUITE 5<br>PLATTE CITY, MO 64079 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: THE MISSOURI GAMING COMPANY, LLC
Alias: ARGOSY RIVERSIDE CASINO

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

**PLATTE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

April 1, 2020
_____
Date

Kimberly K Johnson CC
by Kristina M Melton DC
_____
Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_Bonnie Cook_ (name) _POS INTAKE SPEC_ (title).
☐ other: _____

Served at _120 S. Central Ave, Clayton, MO 63105_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _4/2/2020_ (date) at _1:00 pm_ (time).

_Martin Hueckel_
Printed Name of Sheriff or Server

_Martin Hueckel_
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _4/4/2020_ (date).

My commission expires: _3/14/2021_
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires March 14, 2021
Commission # 13460023

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

1 of 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Platte**                         **Circuit Court**

Case Number: 20AE-CC00099

Plaintiff/Petitioner:
**GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly
situated**

vs.

Defendant/Respondent:
**THE MISSOURI GAMING COMPANY, LLC d/b/a ARGOSY RIVERSIDE
CASINO, et al.**

Received by HPS Process Service & Investigations to be served on **The Missouri Gaming Company, LLC, d/b/a
Argosy Riverside Casino, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **2nd day of April, 2020** at **1:00 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Class Action
Petition; Notice Setting on Calendar; Entry of Appearance as Co-Counsel (Ryan L. McClelland); Entry of
Appearance as Co-Counsel (Michael J. Rahmberg); and Application for Order Appointing Special Process
Server/Order Appointing Special Process Server (x2)** to **Bonnie Love, POS Intake Specialist** at the address of
**120 South Central Avenue, Clayton, MO 63105**.

I am over the age of eighteen, and have no interest in the above action.

_____

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ___4___ day
of __April     2,020__ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020006779

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires March 14, 2021
Commission # 13460023

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c