# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| GINA R. LIPARI-WILLIAMS, MARISSA T. HAMMOND, and LUCINDA M. LAYTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENN NATIONAL GAMING, INC., et al.<br><br>Defendants. | Case No. 5:20-cv-06067-SRB |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF
PROPOSED CLASS ACTION NOTICE PLAN AND
STATUS REPORT OUTLINING ISSUES THAT REMAIN IN DISPUTE**

Pursuant to the Court's Order granting Plaintiff's Motion for Class Certification of ERISA Claim (Doc. 110), the parties have conferred and largely reached an agreement with respect to a class action notice plan and proposed notices pursuant to Federal Rule of Civil Procedure 23(c)(2) and seek the Court's approval of the same. There is one issue that remains in dispute—whether the Court should allow members of the ERISA classes to request exclusion. The parties jointly state as follows (except where indicated):

1. On September 24, 2021, the Court entered an Order granting Plaintiffs' motion for FLSA conditional and Rule 23 certification of wage and hour claims. Doc. 97. In that Order, the Court held the Rule 23 notice for wage claims in abeyance until the Court ruled on Plaintiffs' Motion for Class Certification of ERISA Claim. *Id*.

2. On November 16, 2021, the Court entered an Order granting Plaintiffs' Motion for Class Certification of ERISA Claim. Doc. 110. The Court further ordered the parties to meet and confer on the proposed notice to potential class members pursuant to Federal Rule of Civil

Procedure 23(c)(2). *Id*. The Court further ordered the parties to meet and confer to agree upon a new proposed amended scheduling order in light of the Order. *Id*.

    3.      The parties have now conferred and reached an agreement with respect to the Rule 23 notices and notice plan in large part with one exception as explained below.

          a.      First, the parties previously agreed to bifurcate the FLSA collective notice and Rule 23 class notice processes. Given that the two procedural mechanisms have contradictory participation methods (*i.e.*, "opt-in" for FLSA and "opt-out" for Rule 23), sending a combined or simultaneous class and collective notice creates significant risk of confusion for the recipients. The parties also agreed that the FLSA notice and opt-in process should occur first, followed by the Rule 23 class notice. After the 60-day FLSA opt-in period, the Rule 23 class notice process will begin. The Court has already approved of the FLSA notices and notice plan, which is underway. Doc. 97. The FLSA opt-in period concludes on January 28, 2022.

          b.      Second, the parties have agreed on the following Notice and Opt-Out Forms: (1) the Rule 23 Class Notice for Wage Claims (attached as **Exhibit 1**) and (2) the Election to Opt Out of Certified Class Action Form ("Opt-Out Form") (attached as **Exhibit 2**).

          c.      The only dispute between the parties with respect to the class notice plan and the notice forms is whether members of the ERISA classes should be afforded an opportunity to opt-out. Plaintiffs argue an opt-out right should be provided while Defendants do not.

> **Plaintiffs' Position**: At the outset, because the Court has certified the ERISA classes under Rule 23(b)(3), it is required to issue notice and permit absent class members to opt-out. Rule 23(c)(2)(B). That the Court has also granted class certification under Rule 23(b)'s other prongs does not change that analysis. In such "hybrid" cases – where a class has been certified under Rule 23(b)(3) and another section of Rule 23(b) simultaneously – the Advisory Committee has stated that notice and opt-out procedures are required. Fed. R. Civ. P. 23 advisory committee's note (2003) ("If a Rule 23(b)(3) class is certified in conjunction with a (b)(2) class, the (c)(2)(B) notice requirements must be satisfied as to the (b)(3) class."). Thus, "when a class is certified under both (b)(3) and one or both of (b)(1) and (b)(2), the

issuance of notice should comply with the (b)(3) notice rules set forth in 23(c)(2)(B)." 3 Newberg on Class Actions § 8:9 (5th ed.). This is the path taken by at least one other court confronted with the question of notice in a hybrid-certified case. *See Haddock v. Nationwide Fin. Servs., Inc.*, 262 F.R.D. 97, 130–31 (D. Conn. 2009).

Plaintiffs have attached a proposed Rule 23 Class Notice for ERISA Claim as **Exhibit 3**, which reflects this position.

**Defendant's Position:** The Court has certified the ERISA classes under Rules 23(b)(1), (b)(2), and (b)(3). The 2003 Advisory Committee Notes indicate that there is no "right to request exclusion from a (b)(1) or (b)(2) class." The Advisory Committee notes are silent about the process that must be followed when a Rule 23(b)(3) class is certified in conjunction with a class under Rule 23(b)(1). Additionally, Newberg on Class Actions, upon which Plaintiffs rely, cites no authority for the proposition that an opt out right is required when a class is certified under both (b)(3) and (b)(1). It cites only the Advisory Committee notes, which, again, do not address a hybrid class under Rule 23(b)(1) and (b)(3).

In a Rule 23(b)(1) class, "opt outs would nullify the very purpose of . . . [Rule 23](b)(1)(B) ." Robert H. Klonoff, Class Actions for Monetary Relief Under Rule 23(b)(1)(a) and (b)(1)(b): Does Due Process Require Notice and Opt-Out Rights?, 82 Geo. Wash. L. Rev. 798, 832 (2014). Rule 23(b)(1)(B) provides that a class action may be maintained under Rule 23(b)(1)(B) only if prosecuting separate actions would create a risk of "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Allowing parties to opt out is fundamentally inconsistent with this rule. "The very reason to bring all impacted parties together is to protect . . . absent class members in (b)(1)(B) suits. Opt outs would destroy this purpose." Klonoff, 82 Geo. Wash. L. Rev. at 832. Thus, the Court should decline to allow opt outs under Rule 23(b)(1).

Defendants have attached a proposed Rule 23 Class Notice for ERISA Claim as **Exhibit 4**, which reflects this position.

      d.      Third, with respect to distributing the notice, the parties have agreed to a 60-day opt-out period with respect to the wage and hour claims (the same as the FLSA opt-in period). The parties have agreed that Plaintiffs' Notice Administrator shall send the applicable Notice(s) and Opt-Out Form to each class member at their last known address via U.S. Mail as soon as practicable after January 28, 2022 (the conclusion of the FLSA opt-in period). The Notice

Administrator will remail any Notice returned as undeliverable based on a search for a more current address. Simultaneously to the mailing, the Notice Administrator will email class members. The email will include the text of the Notice and provide directions to opt-out of the class.

        e.      Fourth, within 30 days of the Court's Order approving the notice plan, Defendants shall provide Plaintiffs' counsel with the following information for each putative class member in a Microsoft Excel spreadsheet: full name, employee ID, position(s), dates of employment, last known address, and email address.

    4.      The Parties have agreed to a proposed Phase II scheduling order, which is attached hereto as **Exhibit 5.** However, the parties note that Defendant Penn National Gaming, Inc. ("PNG") intends to file a Rule 23(f) petition in the Eighth Circuit today, requesting permission to appeal the Court's Order granting class certification of the ERISA claim. Accordingly, the parties agree that their proposed schedule may need to be modified with respect to the ERISA claims, including with respect to issuing notice to the ERISA classes, if the Eighth Circuit grants permission to appeal.

    WHEREFORE, the parties respectfully request an Order approving the parties' joint proposed notices and notice plan (to the extent it is agreed). To the extent the parties disagree as described above, the parties request the Court resolve those disputes.

4

Case 5:20-cv-06067-SRB   Document 112   Filed 11/30/21   Page 4 of 7

Dated: November 30, 2021	Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/Alexander T. Ricke*
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
Caleb Wagner, MO. Bar No. 68458
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:	(816) 714-7100
Facsimile:	(816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, MO Bar No. 59343
Michael J. Rahmberg, MO. Bar No. 66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:	(816) 781-0002
Facsimile:	(816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

and

*/s/*
Sari M. Alamuddin (admitted pro hac vice)
Patrick R. Duffey (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Tel: (312) 324-1000
Fax: (312) 324-1001
sari.alamuddin@morganlewis.com
patrick.duffey@morganlewis.com

Denise K. Drake (MO #43351)
Jason N.W. Plowman (MO #67495)
Kaitlin E. Gallen (MO #65913)
POLSINELLI, P.C.
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Tel: (816) 753-1000
Fax: (816) 753-1536
ddrake@polsinelli.com
jplowman@polsinelli.com
kgallen@polsinelli.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that, on November 30, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

                                        /s/ Alexander T. Ricke
                                        **ATTORNEYS FOR PLAINTIFFS**