# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| GINA R. LIPARI-WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 20-cv-06067-SRB ) |
| THE MISSOURI GAMING COMPANY, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is The Parties' Joint Motion for Approval of Proposed Class Action Notice Plan and Status Report Outlining Issues that Remain in Dispute. (Doc. #112.) As set forth below, the motion is GRANTED.

First, the motion states that "the parties have agreed on the following Notice and Opt-Out Forms: (1) the Rule 23 Class Notice for Wage Claims (attached as Exhibit 1) and (2) the Election to Opt Out of Certified Class Action Form ('Opt-Out Form') (attached as Exhibit 2)." (Doc. #112, p. 2.) Upon review, and for good cause shown, the Rule 23 Class Notice for Wage Claims and the Opt-Out Form (Doc. #112-1, Doc. #112-2) are APPROVED.

Second, the motion states that "the only dispute between the parties with respect to the class notice plan and the notice forms is whether members of the ERISA classes should be afforded an opportunity to opt-out." (Doc. #112, p. 2.) Plaintiffs argue that members should have the right to opt-out, while Defendants argue an opt-out right should not be provided. As explained below, the Court agrees with Plaintiffs.

In an Order dated November 16, 2021, the Court granted Plaintiffs' motion for class certification of their ERISA claims. The Court certified Plaintiffs' proposed class and sub-class under Federal Rule of Civil Procedure 23(a), (b)(1)(B), (b)(2), and (b)(3). Federal Rule of Civil Procedure 23(c)(2)(B) provides that if a class is "certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances[.]" Fed. R. Civ. P. 23(c)(2)(B). The notice must state, among other things, "that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v).

The Advisory Committee notes to Rule 23 state that "[i]f a Rule 23(b)(3) class is certified in conjunction with a (b)(2) class, the (c)(2)(B) notice requirements must be satisfied as to the (b)(3) class." *See* Fed. R. Civ. P. 23 advisory committee's note (2003). Based on this note, the Court finds that "when a class is certified under both (b)(3) and one or both of (b)(1) and (b)(2), the issuance of notice should comply with the (b)(3) notice rules set forth in 23(c)(2)(B)." 3 Newberg on Class Actions § 8.9 (5th ed. 2021). Because Plaintiffs' proposed notice includes an opt-out right, the Court approves Plaintiffs' proposed Rule 23 Class Notice for ERISA Claim which is attached as Exhibit 3 to the motion. (Doc. #112-3.)

Third, Defendant Penn National Gaming, Inc. has filed a Rule 23(f) petition with the Eighth Circuit Court of Appeals seeking permission to appeal this Court's class certification of Plaintiffs' ERISA claim. *See* Fed. R. Civ. P. 23(f); Eighth Circuit Case No. 21-8011. A request to appeal under Rule 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). "In determining whether to issue a Rule 23(f) stay, courts typically consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies." *Ahmad v. City of St. Louis*, Case No. 4:17 CV 2455 CDP, 2019 WL 3068046, at *1 (E.D. Mo. July 12, 2019) (citations and quotation marks omitted).

In this case, no party has moved for a stay or briefed the applicable factors. The Court finds that a stay of all proceedings is not warranted at this time. However, the Court will not permit any action which may interfere or potentially conflict with the appellate proceedings. The Court therefore prohibits the parties from issuing notice on the ERISA claims until the Eighth Circuit rules on Defendant's Rule 23(f) petition.[1] The parties shall notify the Court within fourteen (14) days after the appellate proceedings are completed.

Accordingly, for the reasons stated above, it is hereby ORDERED that:

(1) The Parties' Joint Motion for Approval of Proposed Class Action Notice Plan and Status Report Outlining Issues that Remain in Dispute (Doc. #112) is GRANTED; and

(2) the Rule 23 Class Notice for Wage Claims and the Opt-Out Form (Doc. #112-1, Doc. #112-2) are APPROVED; and

(3) the parties have agreed to the following with respect to distributing notice for the wage and hour claims, which the Court approves:

> (a) there shall be a 60-day opt-out period with respect to the wage and hour claims (the same as the FLSA opt-in period). Plaintiffs' Notice Administrator shall send the applicable Notice(s) and Opt-Out Form to each class member at their last known address via U.S. Mail as soon as practicable after January 28, 2022 (the conclusion of the FLSA opt-in period). The Notice Administrator will remail any Notice returned as undeliverable based on a search for a more current address. Simultaneously to the mailing, the Notice Administrator will email class members. The email will include the text of the Notice and provide directions to opt-out of the class.

---

[1] The parties' motion attaches a proposed amended scheduling order. (Doc. #112-5.) The parties "agree that their proposed schedule may need to be modified with respect to the ERISA claims, including with respect to issuing notice to the ERISA classes, if the Eighth Circuit grants permission to appeal." (Doc. #112, p. 4.) The Court will review the parties' proposed schedule and separately enter an amended scheduling order.

(b) within 30 days of this Order, Defendants shall provide Plaintiffs' counsel with the following information for each putative wage and hour class member in a Microsoft Excel spreadsheet: full name, employee ID, position(s), dates of employment, last known address, and email address; and

(4) Plaintiffs' proposed Rule 23 Class Notice for ERISA claim (Doc. #112-3) is APPROVED; and

(5) the parties are prohibited from issuing notice on the ERISA claims until the Eighth Circuit rules on Defendant's Rule 23(f) petition. Further, Defendants are not required to provide Plaintiffs' counsel with information regarding each putative ERISA class member until the Eighth Circuit rules on Defendant's Rule 23(f) petition; and

(6) the parties shall notify the Court within fourteen (14) days after the appellate proceedings are completed.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2021