IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| GINA R. LIPARI-WILLIAMS, MARISSA T. HAMMOND, and LUCINDA M. LAYTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENN NATIONAL GAMING, INC., et al.<br><br>Defendants. | Case No. 5:20-cv-06067-SRB |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On May 25, 2023, the Court heard a motion for final approval of a settlement of a class and collective action by Plaintiffs Gina R. Lipari-Williams, Marissa T. Hammond, and Lucinda M. Layton ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Penn National Gaming, Inc. ("PNG"), The Missouri Gaming Company, LLC d/b/a Argosy Riverside Casino ("Argosy Riverside"), and St. Louis Gaming Ventures, LLC d/b/a Hollywood Casino St. Louis ("Hollywood St. Louis") (collectively, "Defendants" or "Settling Entities"). The Court has considered the Motion for Final Approval of Class Action Settlement (ECF Doc. 145) and other related materials submitted by the parties (ECF Doc. 146), as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28

U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Classes certified by order dated January 30, 2023 (ECF Doc. 141), and defined as:

    a.    **MMWL Gaming License Class:** All persons employed and paid a direct cash wage of the applicable Missouri minimum wage or less per hour from March 31, 2017 to September 24, 2021 at Argosy Riverside or Hollywood St. Louis, and for whom a deduction was taken from their wages for any amount associated with initially obtaining or thereafter renewing a Gaming License;

    b.    **Argosy Casino Riverside Tip Pooling Class:** All persons employed as Table Games Dealers at Argosy Riverside from March 31, 2017 through April 23, 2021, and who participated in the Table Games Dealer tip pool;

    c.    **Hollywood Casino Tip Pooling Class:** All persons employed as Table Games Dealers at Hollywood Casino from March 31, 2017 through October 31, 2019, and who participated in the Table Games Dealer tip pool; and

    a.    **Nationwide ERISA Class:** All participants in Penn National Gaming, Inc.'s group health plan for plan years 2016, 2017, 2018, 2019, and 2020 who had a tobacco surcharge deducted from their wages.

3. The Court finds that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a) and are maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The Court confirms the appointments of (a) Named Plaintiffs Gina R. Lipari-

Williams, Marissa T. Hammond, and Lucinda M. Layton as Class Representatives of the Settlement Classes, and (b) the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Proposed Settlement Notice") sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Proposed Settlement Notice also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Proposed Settlement Notice provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6. The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representatives' and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $5,500,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiffs' individual claims and the claims of the Settlement Classes; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Settling Entities, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any

objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Court further approves the release of FLSA claims for class members who negotiate their settlement checks as a fair and reasonable resolution of a *bona fide* dispute.

8. The Settlement Administration Costs of $39,040 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

9. The Service Payments, as set forth in the Settlement Agreement, are approved and shall be awarded and paid to Named Plaintiffs and Opt-In Plaintiff Tim Hammond from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. Class Counsel is awarded thirty-five percent of the settlement fund ($1,925,000) for attorneys' fees and $71,577.69 for costs and expenses and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any unclaimed funds to Class Employees shall be distributed *cy pres* to the following Missouri Charitable Organizations: (1) Angels' Arms; and (2) the Kaufman Fund. The *cy pres* distributions shall be according to the allocation formula and procedures set forth in the Settlement Agreement.

12. The Court orders that any Class Employee who did not timely submit a written request to opt-out of the settlement is bound by the terms of the Settlement Agreement, and fully releases and discharges Settling Entities and the Released Parties from the Released Claims, but that such Class Members have not released and discharged Settling Entities and the Released

Parties from the Released FLSA Claims unless and until such Class Members negotiate their Settlement Checks. A list of all such Class Members who did not timely submit a written request to opt-out of the settlement is attached to this Order as Exhibit A.

13. The Court orders that any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges Settling Entities and the Released Parties from the Released FLSA Claims upon such negotiation of his or her Settlement Check.

14. As identified by the Settlement Administrator, the Court finds that four individuals have timely requested exclusion from the Settlement Classes: Jenny Thompson, Sarah L. Cormier, Victoria Butler, and Vivian Marah. These individuals are (a) excluded from the Rule 23 Classes previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release Settling Entities and all other Released Parties from the Released Claims; and (d) are not entitled to participate in the monetary portion of the Settlement.

15. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement; (d) that any party has prevailed in this case; (e) that the Settling Entities, or the Released Parties have engaged in any wrongdoing; or (f) that PNG is an employer or joint employer of Named Plaintiffs, any Class Employee, or anyone else.

16. This Court grants final approval of the Settlement.

17. For the foregoing reasons, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. #145), and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses to Class Counsel and Service Awards to Named Plaintiff and Opt-in Plaintiff (Doc. #146) are GRANTED.

18. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

**IT IS SO ORDERED**.

Dated: May 25, 2023

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE